IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES G PATTERSON,

    Plaintiff,

v.   CASE NO. 1:07-cv-00129-MP-AK

MICHAEL J ASTRUE,
Commissioner of Social Security

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 16, Report and Recommendation of the Magistrate, recommending that the final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for period of disability and disability insurance benefits ("DIB") be affirmed. The Magistrate Judge filed the Report and Recommendation on August 4, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

After a hearing on February 13, 2006, the Administrative Law Judge ("ALJ") found that Plaintiff could not perform his past relevant work but that Plaintiff was not disabled because he could perform a significant number of light work activities in the national economy. Under 42 U.S.C. § 405(g), the Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).

## **DISCUSSION**

Plaintiff argues that the Commissioner's decision is not supported by substantial evidence for several reasons. Plaintiff argues that the ALJ committed error by: (1) accepting the opinions of non-examining physicians and rejecting Plaintiff's treating and examining physicians' opinions; (2) rejecting Plaintiff's credibility without articulating explicit and adequate reasons based on substantial evidence in the record; and (3) asking a defective hypothetical to the vocational expert upon whom the Commissioner relied in drawing his decision.

*1. The Treating Physician's Opinion*

As to the first argument, the Magistrate reviewed the record and concluded that the ALJ articulated good cause for rejecting Plaintiff's treating and examining physicians' opinions. Plaintiff objects to the conclusion of the Magistrate, arguing the ALJ should have accepted the opinions of the treating and examining physicians, who concluded that Plaintiff suffers from severe chronic pain with high levels of impairment, over the opinions of non-examining State DDS physicians, who concluded that the pain was chronic but not severe and that Plaintiff's impairments were not incapacitating. Doc. 17. An ALJ may reject a treating physician's opinion for good cause. See Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990); Harris v. Astrue, 546 F.Supp.2d 1267, 1280-1281 (N.D. Fla. 2008). However, an ALJ's failure to provide explicit, adequate reasons for rejecting a treating physician's opinion is reversible error. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

Here, the ALJ's conclusion that Plaintiff's impairments did not produce limitations of incapacitating proportions was supported by the objective medical findings of the State DDS

physicians and the testimony of a vocational expert. The ALJ noted that the opinion of the treating physician, Dr. Montrichard, contradicted her own medical records, which reflected conservative, non-aggressive treatments. Conservative treatment does indeed tend to negate a claim of disabling pain. See Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996); Harris, 546 F.Supp.2d at 1281. Such a contradiction between a treating physician's opinion and her own medical records has been held to constitute one possible sufficient ground for rejecting a treating physician's opinion. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ also noted that the residual function assessments of Dr. Montrichard and the examining physician, Dr. Greenberg, were in the form of a conclusory checklist that provided no substantiating medical evidence. This also constitutes a possible sufficient ground for rejecting a treating physician's opinion. See Id. Finally, the ALJ noted that Dr. Greenberg was not a treating physician and that his checkmark responses contradicted his evaluation notes from 2004, wherein the doctor indicated that Plaintiff required no assistive devices, could walk on his heels and on his toes, could stoop, and had no complications from his cervical fusion. The Court agrees with the Magistrate that the ALJ articulated good cause for rejecting the opinions of Plaintiff's examining and treating physicians.

## 2. The Assessment of the Credibility of Plaintiff's Testimony

As to Plaintiff's second argument, that the ALJ failed to articulate sufficient reasons for discrediting Plaintiff's testimony that he suffered from severe chronic pain, the Magistrate reviewed the record and found that the ALJ's articulation of reasons was sufficient. Plaintiff responds that "[a] credibility assessment that allows an ALJ to reject the supporting opinions of Plaintiff Patterson's treating and examining doctors creates an impossible burden of proof."

Doc. 17 at ¶ 7. It is true that a claimant's testimony of pain is not, by itself, conclusive evidence of disability. <u>Macia v. Bowen</u>, 829 F.2d 1009, 1011 (11th Cir. 1987). Under the pain standard adopted by the Eleventh Circuit in <u>Hand v. Heckler</u>, 761 F.2d 1545, 1549 (11th Cir. 1986):

> There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

However, the Commissioner may not reject a claimant's allegations of pain without articulating explicit and adequate reasons based on substantial evidence. <u>Hale v. Bowen</u>, 831 F.2d 1007, 1012 (11th Cir. 1987). Otherwise, the Court is required as a matter of law to accept the testimony as true. <u>Cannon v. Bowen</u>, 858 F.2d 1541, 1545 (11th Cir. 1988).

Here, the ALJ based its decision on objective medical evidence in the record, the testimony of a vocational expert, Plaintiff's residual functional capacity, Plaintiff's own testimony, and the mitigating effects of medication. For instance, the ALJ noted that Plaintiff testified that his lifestyle included activities such as extensive driving and successful investments, which were inconsistent with Plaintiff's allegations of incapacitating limitations. This consideration of Plaintiff's daily activities in assessing his level of pain was proper. <u>See Harwell v. Heckler</u>, 735 F.2d 1292, 1293 (11th Cir. 1984); <u>Harris</u>, 546 F.Supp.2d at 1281. As discussed above, the ALJ also considered the conservative treatment of Plaintiff's impairments, which tends to negate a claim of severe pain. The Court agrees with the Magistrate that the ALJ did not minimize the medical impairments contained in the record and that the ALJ properly articulated reasons for discrediting Plaintiff's testimony.

### 3. The Questioning of the Vocational Expert

Finally, Plaintiff argues that the hypothetical posed to the vocational expert was

defective, and thus the ALJ'S finding about Plaintiff's ability to perform other work is not supported by the evidence.  The ALJ is only required to pose those limitations he finds severe in the hypothetical to the expert.  <u>Pendley v. Heckler</u>, 767 F.2d 1561, 1563 (11th Cir. 1985).  Here, the ALJ properly distinguished between "chronic" and "severe" pain and excluded questions regarding non-severe impairments.  The Court agrees with the Magistrate that the framing of the hypothetical was proper.

Thus, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 16, is adopted and incorporated by reference in this order.

2. The decision of the Commissioner denying benefits is AFFIRMED.

**DONE AND ORDERED** this   *27th* day of August, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge